PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
ALBERT TORRES, JR.

DOWNEY BRAND LLP
ELIZABETH B. STALLARD (Bar No. 221445)
estallard@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone: 916.444.1000
Facsimile: 916.444.2100

Attorneys for Defendant
LFC ANTELOPE, INC.; ST. JOACHIM VENTURES, LLC;
LEATHERBY'S FAMILY CREAMERY; ST. ANNE VENTURES, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT TORRES, JR., <br><br> Plaintiff, <br><br> v. <br><br> LFC ANTELOPE, INC.; ST. JOACHIM VENTURES, LLC; LEATHERBY'S FAMILY CREAMERY; ST. ANNE VENTURES, LLC, <br><br> Defendants | Case No. 2:21-cv-01233-MCE-AC <br> <u>Civil Rights</u> <br><br> **COURT ENFORCEABLE SETTLEMENT AGREEMENT AND ORDER FOR INJUNCTIVE RELIEF, DAMAGES, ATTORNEY'S FEES, LITIGATION EXPENSES, AND COSTS** <br><br> Action Filed: July 14, 2021 |

1. Plaintiff ALBERT TORRES, JR. filed a Complaint in this action on July 14, 2021, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and California civil rights laws and to obtain recovery of damages for discriminatory experiences, denial of access, and denial of civil rights against Defendants

1. LFC ANTELOPE, INC.; ST. JOACHIM VENTURES, LLC; LEATHERBY'S FAMILY CREAMERY; and ST. ANNE VENTURES, LLC (collectively, "Defendants"). Plaintiff has alleged that Defendants violated Title III of the ADA; Sections 51, 52, 54, 54.1, 54.3 and 55, of the California Civil Code; and Health and Safety Code §§ 19953, *et seq.*, by failing to provide full and equal access to patrons of the Leatherby's Family Creamery locations at 2333 Arden Way, Sacramento, California, and 7910 Antelope Road, Citrus Heights, California.

2. In order to avoid the costs, expense, and uncertainty of protracted litigation, Plaintiff and Defendants (together sometimes the "Parties") agree to entry of this Court Enforceable Settlement Agreement and Order to resolve all claims regarding injunctive relief, damages, attorneys' fees, litigation expenses and costs, raised in the Complaint without the need for protracted litigation. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for relief, and without any admission of liability by any Defendant.

**JURISDICTION:**

3. The Parties to this Court Enforceable Settlement Agreement and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101, *et seq.*, and pursuant to supplemental jurisdiction for alleged violations of California Civil Code sections 51, 54, and 54.1.

4. WHEREFORE, the Parties to this Court Enforceable Settlement Agreement hereby agree and stipulate to the Court's entry of this Court Enforceable Settlement Agreement and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint.

///

6. The Signing Parties agree and stipulate that any policies adopted shall be carried out in compliance with the standards and specifications for disabled access under federal and state law, unless other standards are specifically agreed to in this Court Enforceable Settlement Agreement and Order.

    a. **Policy Based Remedial Measures and Administrative Procedures:**

    b. Defendants agree that within 30 days from the date of filing this document with the Court, Defendants will make the following policy commitments:

        i. Defendants have adopted and will continue to maintain a policy that all accessible parking spaces on the premises shall be maintained in compliance with the standards and specifications for disabled access under federal and state law, including keeping those spaces clear of any temporary or permanent outdoor structures, outdoor seating areas, or inventory of any kind.

        ii. All staff, including managers, will continue to be trained to offer reasonable accommodations for disabled persons, including affirmatively inquiring with disabled patrons as to whether they may need any reasonable accommodations and assisting disabled customers with getting their food to the dining tables when requested. Defendants agree to continue to make reasonable accommodations in their policies and practices when interacting with disabled patrons.

        iii. Defendants shall maintain these accessible features, which include training any new employees regarding their policies to accommodate disabled patrons.

    c. **Timing**: All policy measures will be implemented within 30 days of filing of this document if not already in place. In the event that

                unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within seven (7) days of discovering the delay.  Plaintiff will have thirty (30) days to investigate and meet and confer with Defendants, and to approve the delay by stipulation or otherwise respond to Defendants' notice.  If the Signing Parties cannot reach agreement regarding the delay within that time period, Plaintiff may seek enforcement by the Court.

       d.       Defendants or defense counsel will notify Plaintiff's counsel when the corrective work is completed, and, whether completed or not, will provide a status report to Plaintiff's counsel no later than November 1, 2021.

       e.       If Defendants fail to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorney's fees for any compliance work necessitated by Defendants' failure to keep this agreement.  If the Parties disagree, the parties agree to participate in a Magistrate Judge-conducted Settlement Conference for the purpose of resolving the disputed fees.  If the Settlement Conference fails to resolve the fee dispute, Plaintiff may seek relief via motion for an order directing the Defendants to pay Plaintiff's counsel reasonably incurred fees for the compliance work described in this paragraph e.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

7.     Defendants agree to pay Plaintiff a total of $22,500 (the "Settlement Payment") for Plaintiff's damages, attorney fees, litigation expenses, and costs.  The Settlement Payment shall be paid by wire transfer to Plaintiff's Counsel's trust account, and payable to "REIN & CLEFTON IN TRUST FOR ALBERT TORRES, JR.," Plaintiff's

1  Counsel's IOLTA trust account. The Settlement Payment will be made on or before October
2  27, 2021.  Plaintiff's counsel shall provide specific wiring instructions separately. Plaintiff's
3  counsel must also provide a W-9 for the payee on or before October 15, 2021.

**DISMISSAL OF THE LAWSUIT**

8. Within (5) business days after receipt of the Settlement Payment, Plaintiff will file the necessary paperwork to dismiss the action with prejudice, with all Parties to bear their own fees and costs.

**LIQUIDATED DAMAGES CLAUSE**

9. Time is of the essence for this agreement.  Delay in payment to Plaintiff creates uncertainty for Plaintiff and Plaintiff's counsel in resolving this matter.  In the case of Plaintiff's counsel, this may also mean spending time pursuing collections issues instead of representing disabled persons on other matters and advancing the public interest in making other sites accessible.  In consideration of these issues, if Defendants do not pay the Settlement Payment contemplated in this Agreement on or before the date specified in this Agreement, Defendants agree to pay $250 per day for each day that payment is not received by Plaintiff.  If enforcement of the monetary terms of this agreement becomes necessary, Defendants agree that damages pursuant to this clause will be added to the settlement amount and any motion to enforce this agreement, motion for attorney fees in association with enforcement, and/or judgment entered by the Court.

**ENTIRE COURT ENFORCEABLE SETTLEMENT AGREEMENT AND ORDER:**

10. This Court Enforceable Settlement Agreement and Order constitute the entire agreement between the signing Parties on the matters of injunctive relief, damages, attorneys' fees, litigation expenses, and costs, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Court Enforceable Settlement Agreement and Order, shall be enforceable regarding the matters described herein.

///

///

**COURT ENFORCEABLE SETTLEMENT AGREEMENT AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

11. This Court Enforceable Settlement Agreement and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest.  Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Court Enforceable Settlement Agreement and Order during the period of the Court's jurisdiction of this Court Enforceable Settlement Agreement and Order.

12. Except for all obligations required in this Court Enforceable Settlement Agreement and Order, each of the Parties to this Court Enforceable Settlement Agreement and Order, on behalf of each of their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all of each other Party's owners, members, officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit or related to the businesses and facilities described in the lawsuit.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

13. Each of the Parties to this Court Enforceable Settlement Agreement and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Court Enforceable Settlement Agreement and Order, any or all of them will incur, suffer, or experience some further loss or damage that is unknown or unanticipated at the time this Court Enforceable Settlement Agreement and Order is signed. Except for all obligations required in this Court Enforceable Settlement Agreement and Order, the Parties intend that this Court Enforceable Settlement Agreement and Order apply to all such further loss, except those caused by the Parties subsequent to the execution of this Court Enforceable Settlement Agreement and Order. Therefore, except for all obligations required in this Court Enforceable Settlement Agreement and Order, this Court Enforceable Settlement Agreement and Order shall apply to and cover any and all claims, demands, actions, and causes of action

by the Parties to this Court Enforceable Settlement Agreement with respect to the lawsuit or related to the businesses and facilities described in the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

14. Except for all obligations required in this Court Enforceable Settlement Agreement and Order, each of the Parties to this Court Enforceable Settlement Agreement and Order, on behalf of each of their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all of each other Party's owners, members, officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit or related to the businesses and facilities described in the lawsuit .

**TERM OF THE COURT ENFORCEABLE SETTLEMENT AGREEMENT AND ORDER:**

15. This Court Enforceable Settlement Agreement and Order shall be in full force and effect for a period of eighteen (18) months after the date of entry of this Court Enforceable Settlement Agreement and Order by the Court.

**SEVERABILITY:**

16. If any term of this Court Enforceable Settlement Agreement and Order is determined by any court to be unenforceable, the other terms of this Court Enforceable Settlement Agreement and Order shall nonetheless remain in full force and effect.

///

///

**SIGNATORIES BIND PARTIES:**

17. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Court Enforceable Settlement Agreement and Order. This Court Enforceable Settlement Agreement and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: October __, 2021          PLAINTIFF ALBERT TORRES, JR.


_____
ALBERT TORRES, JR.


Dated: October __, 2021          DEFENDANT LFC ANTELOPE, INC


By: _____
Print name:_____
Title: _____

Dated: October __, 2021          DEFENDANT ST. JOACHIM VENTURES, LLC

By: _____
Print name:_____
Title: _____

Dated: October __, 2021          DEFENDANT LEATHERBY'S FAMILY CREAMERY

By: _____
Print name:_____
Title: _____

Dated: October __, 2021          DEFENDANT ST. ANNE VENTURES, LLC

By: _____
Print name:_____
Title: _____

Approved as to form:

Dated: October __, 2021                REIN & CLEFTON

                                       _____
                                       By: AARON M. CLEFTON, ESQ.
                                       Attorneys for Plaintiff
                                       ALBERT TORRES, JR.

Dated: October __, 2021                DOWNEY BRAND LLP

                                       _____
                                       By: ELIZABETH STALLARD, ESQ.
                                       Attorneys for Defendants
                                       LFC ANTELOPE, INC.; ST. JOACHIM
                                       VENTURES, LLC; LEATHERBY'S FAMILY
                                       CREAMERY; ST. ANNE VENTURES, LLC.

## ORDER

Pursuant to stipulation, and for good cause shown,

IT IS SO ORDERED.

Dated: October 22, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE